Filed 2/7/23  P. v. Gallo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096376 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F4647) |
| v. | |
| JOHN LEE GALLO, | |
| Defendant and Appellant. | |

Defendant John Lee Gallo appeals the trial court's May 2022 denial of a recommendation made by the Secretary (Secretary) of the Department of Corrections and Rehabilitation (CDCR) pursuant to Penal Code[1] section 1172.1 that the trial court consider recalling defendant's sentence and resentencing him based on recent ameliorative changes in the sentencing law.  Defendant argues the trial court improperly

---

[1] Undesignated statutory references are to the Penal Code.

1

failed to apply section 1172.1's presumption in favor of resentencing, and the People concede the error. We will reverse the order and remand the matter for further proceedings consistent with section 1172.1.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, defendant John Lee Gallo pleaded no contest to two counts of first-degree residential burglary with a person present ( §§ 459, 667.5, subd. (c)(21)) and to one count of being a felon in possession of a firearm (§ 29800, subd. (a)). Defendant also admitted to a prior strike (§ 667, subds. (b)-(i)) and a prior serious felony (§ 667, subd. (a)). Defendant stipulated to an aggregate 17-year prison term, including a five-year term for the prior serious felony, and the trial court sentenced him accordingly. We affirmed the judgment on appeal. (*People v. Gallo* (May 26, 2017, C082075) [nonpub. opn.].)

In November 2021, the Secretary of CDCR recommended to the trial court that it recall defendant's sentence and resentence him.[2] The recommendation was based on the amendments to section 1385, which now gives the trial court the discretion to dismiss a prior serious felony enhancement in furtherance of justice. (Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§1-2).)

The trial court appointed defense counsel and, in April 2022, received briefing from both parties. Defendant argued it was in the interest of justice to reduce his sentence, given that he had already served seven years of his sentence and had participated in multiple rehabilitative services in prison. The People opposed any

---

[2] CDCR sent its recommendation pursuant to the recall and resentencing provisions of former section 1170, subdivision (d)(1). Effective January 1, 2022, the Legislature amended these provisions and moved them to new section 1170.03. (Stats. 2021, ch. 719, §§ 1-7.) Effective June 30, 2022, the Legislature renumbered former section 1170.03 to section 1172.1 without substantive change. (Stats. 2022, ch. 58, § 9.) For clarity, we cite section 1172.1 to refer to the current version of the provision, and we cite "former section 1170, subdivision (d)" to refer to subdivision (d) of section 1170 as it existed prior to the recent legislation.

reduction as not in the interest of justice. The People noted that, in the underlying case, defendant had been charged with committing six residential burglaries while he was already on parole for a prior burglary conviction.

In the interim, former section 1170, subdivision (d) was amended effective January 1, 2022, to require that, when the Secretary recommends recall and resentencing, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) Section 1170.18, subdivision (c) requires an "unreasonable risk that the [defendant] will commit" specific, enumerated felonies listed in section 667, subdivision (e)(2)(C)(iv). Neither party mentioned this substantive amendment in its briefs in the trial court, which were both filed after the change went into effect.

During the May 2022 hearing, the trial court noted that the Secretary's recommendation was procedurally proper given that trial courts now have the discretion to dismiss a prior serious felony enhancement. Still, defendant's sentence was based on a stipulated 17-year plea deal, where he had originally been facing at least 33 years in prison. The court noted that defendant had rejected the People's original plea offer, which was made during the preliminary hearing and did not include the five-year serious felony enhancement, with the understanding that the enhancement would be added if defendant refused the deal. Overall, the court indicated, defendant had received a "quite favorable" plea deal, especially given his extensive and escalating criminal history.

Defense counsel argued defendant was a good candidate for resentencing because he had actively participated in rehabilitative services while in prison, including substance abuse treatment. In addition, any dismissed charges had not been proven beyond a reasonable doubt. The People argued against resentencing, maintaining it was not in the interest of justice given defendant's criminal history.

3

After hearing the argument, the trial court declined to recall defendant's sentence, reasoning: "[T]he record as far as what has been provided to me, which I think is complete regarding your rehabilitative efforts in the [CDCR], indeed are commendable. I think they are consistent with what you have told me, which is a favorable thing here. [¶] As far as whether or not the court should undo the plea bargain, that is to say, there was a specific amount of potential of time that you had earlier been exposed to, and in order for the case to settle, much of that time was taken off. [¶] You pled to a term which is a little bit more than half of what the total exposure was, and there was also the agreement that the primary term was a midterm rather than an upper term. [¶] Subsequent to the sentencing hearing, the first one, regulations with the [CDCR] based on legislation and initiative have caused the [CDCR] to begin calculating earlier parole times based on that, so there's already been somewhat of a break there. [¶] If the court is going to exercise discretion at the time of the–to–essentially und[o] a plea bargain without giving the [P]eople the benefit of the bargain which I know in this circumstance I can do, I have to take into consideration a number of policies that underlie the significance of plea bargaining and giving each party the ability to do what they need to do in order to settle cases, and primary here were those factors which existed at the time of sentencing which in your case were significant and aggravating. [¶] So while you did, and I think continue to do, a very commendable job at the [CDCR] preparing yourself for your inevitable parole date, there aren't the type of significant factors here which would compel the court to und[o] the plea bargain by striking five years of that sentence. I don't believe it would be in the interest of justice, both because of the aggravating circumstances at the time of the offense, the fact that there were . . . multiple cases with the escalation of a past criminal history which was–and when I saw past, recent past, that you were on parole, the fact that there was a firearm found at the crime which tends to be something we need to take very seriously do not persuade the court that this is the type of circumstance where the negotiated plea should be undone. [¶] And so I understand the position of the

4

[CDCR], but I am going to maintain the currently imposed sentence without resentencing which will include the five years."

Defendant timely appealed.

DISCUSSION

Section 1172.1 authorizes the CDCR to recommend to the trial court that the court recall a previously imposed sentence and resentence the defendant, including based on any changes in the law that reduce sentences or provide for judicial discretion. (§ 1172.1, subd. (a)(2); *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.) Where, as here, the CDCR recommends recall and resentencing, the court must hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant. (§ 1172.1, subds. (a)(6)-(8), (b)(1).) In making such a decision, the trial court can consider postconviction factors, including defendant's disciplinary and rehabilitation record while incarcerated. (§ 1172.1, subd. (a)(4).) In addition, there is a presumption in favor of recall and resentencing of the defendant, "which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety" pursuant to section 1170.18, subdivision (c). (§ 1172.1, subd. (b)(2).)

Here, although the trial court detailed defendant's plea deal and his criminal history, it never addressed this presumption in favor of recall. Most significantly, the court failed to state whether (or why) it found defendant to be an unreasonable risk of danger to public safety pursuant to section 1170.18, subdivision (c). These issues were also not addressed by the parties in their briefing or oral arguments during the May 2022 hearing. Given that the court must state on the record its reasons for its decision, we are left with the conclusion that the court failed to understand its discretion in light of the mandated presumption in favor of recall. Accordingly, we will remand the matter for reconsideration of the CDCR's recommendation.

5

## DISPOSITION

The order declining to recall and resentence defendant is reversed, and the matter is remanded for further proceedings consistent with section 1172.1.

               _____ ,
               McADAM, J.[*]

We concur:

_____ ,
MAURO, Acting P. J.

_____ ,
KRAUSE, J.

_____

[*] Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6